IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HELEN CARGILL,                     )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     CIVIL ACTION NO. 2:11cv0043-WC
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
          Defendant.               )

**MEMORANDUM OPINION**

## I.    INTRODUCTION

Plaintiff Helen Cargill applied for supplemental security income payments under Title

XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq.* Her applications were

denied at the initial administrative level. Plaintiff then requested and received a hearing

before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a

decision in which he found Plaintiff not disabled from the date of her application through the

date of the decision. The Appeals Council rejected Plaintiff's request for review of the

ALJ's decision. The ALJ's decision consequently became the final decision of the

Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131

(11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g).

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id.* at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id.*  It also can contain both exertional and nonexertional limitations.  *Id.* at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id.* at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

## III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-three years old at the time of the hearing before the ALJ.  Tr. 17. Plaintiff completed the eleventh grade and has a nurse's assistant certificate.  Tr. 17. Plaintiff's past relevant work experience was as a "home attendant," "poultry worker," "packer," and "child care worker."  Tr. 31.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since July 7, 2006, the application date." (Step 1) Tr. 14.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "morbid obesity, mild degenerative disc disease with sacroiliitis, degenerative joint disease of the left knee, hypertension, mild osteoarthritis of the hands, major depressive disorder, and malingering." Tr. 14.  The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ."  (Step 3) Tr. 14.  Next, the ALJ found that Plaintiff

> has the residual functional capacity to perform a restricted range of medium work . . . in that the claimant can sit 6 ½ hours, 3 hours at one time; stand 4 ½ to 5 hours, 1 ½ to 2 hours at one time; and walk 4 ½ to 5 hours, 1 ½ to 2 hours at one time, in an 8-hour day. She can frequently lift  a  maximum of  20  pounds  and  occasionally lift a maximum of  35 pounds.  She can frequently   carry  a  maximum of 25 pounds   and  occasionally  carry a maximum of 40 pounds.  She can frequently  use her hands for simple grasping and fine manipulation. She can occasionally use her left hand for pushing  and  pulling of arm controls  but never use her right hand for pushing and pulling of arm controls. She can occasionally use her feet for pushing and pulling of leg controls. She can occasionally reach overhead but never stoop, crouch, kneel, crawl, climb or balance. She   can occasionally  work  at activities  involving  exposure  to marked changes in  temperature  and  humidity  but  never  work  at  activities involving

5

protected heights, being around moving machinery, and driving automotive
equipment. She experiences a moderate degree of pain. Mentally, she
has no inability to respond appropriately to supervisors, no inability to
respond appropriately to co-workers, mild inability to respond appropriately
to customers or other members of the general public, mild inability to use
judgment in simple one or two step work-related decisions, marked inability
to use judgment in detailed or complex work-related decisions, mild
inability to deal with changes in a routine work setting, no inability to
understand, remember and carry out simple one and two step instructions,
marked inability to understand, remember and carry out detailed or
complex instructions, mild inability to maintain attention, concentration
or pace for periods of at least two hours, no inability to maintain social
functioning, no inability to maintain activities of daily living, and no
episodes of decompensation, each of extended duration.

Tr. 16. The ALJ then found that Plaintiff is able to perform her past relevant work. (Step

4) Tr. 31. Despite this finding at Step 4, the ALJ went on to Step 5, where he found that

"[c]onsidering the claimant's age, education, work experience, and residual functional

capacity," and based on the testimony of the VE, "there are jobs that exist in significant

numbers in the national economy that the claimant can perform." Tr. 32. The VE testified

that given all these factors the individual would be able to perform the requirements of

representative occupations such as: "Day Worker," "Counter Clerk," and "Electronics

Worker." Tr. 32. The ALJ then asked the VE to "assume the same hypothetical individual

but who was restricted to a light residual functional capacity with a sit/stand option. The

[VE] testified that such an individual could still perform the claimant's past relevant work

as a home attend[ant] as she performed it, as a child care worker as normally performed in

the national economy and as performed by the claimant, and as a Packer as she performed

it." Tr. 33. The VE identified the following occupations as examples: "Counter Clerk,"

6

"Electronics Worker," and "Self-Service Station Attendant."  Tr. 33.  Accordingly, the ALJ

determined that Plaintiff "has not been under a disability . . . since July 7, 2006, the date the

application was filed."  Tr. 33.

## IV.    PLAINTIFF'S CLAIMS

Plaintiff presents only one issue for this Court's consideration in determining whether

the ALJ's decision is supported by substantial evidence:  whether "the ALJ failed to elicit

a reasonable explanation for the inconsistencies between vocational testimony and the

Dictionary of Occupational Titles (DOT) as required by SSR 00-4p."  Pl.'s Brief (Doc. #12)

at 7.  "The Commissioner responds that the [VE's] testimony was not inconsistent with the

DOT and the ALJ reasonably relied upon the testimony."  Def.'s Brief (Doc. #13) at 6.

## V.    DISCUSSION

Plaintiff argues that "[t]he Commissioner's decision should be reversed, because the

ALJ failed to address the inconsistencies between [the] vocational [expert's] testimony and

the [DOT] . . . as required by SSR 00-4p."  Pl.'s Brief (Doc. #12) at 7.[5]  Specifically, Plaintiff

_____

[5] In relevant part, Social Security Ruling 00-4p states:

When there is an apparent unresolved conflict between VE or VS evidence and
the DOT, the adjudicator must elicit a reasonable explanation for the conflict
before relying on the VE or VS evidence to support a determination or decision
about whether the claimant is disabled. At the hearings level, as part of the
adjudicator's duty to fully develop the record, the adjudicator will inquire, on the
record, as to whether or not there is such consistency.

Neither the DOT nor the VE or VS evidence automatically "trumps" when there is

claims "the ALJ erred in failing to elicit a reasonable explanation from the vocational expert

for the apparent conflict between the reasoning levels" of the jobs identified by the VE.  *Id.*

First, it should be noted that, assuming a conflict between the VE's testimony and the

DOT, the Eleventh Circuit has held that the ALJ's failure to provide a reasonable explanation

does not, in and of itself, lead to reversal.  The Eleventh Circuit has stated, "when the VE's

testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT. We so hold

because the DOT 'is not the sole source of admissible information concerning jobs.'"  *Jones*

*v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999) (citation omitted).  After the issuance of

SSR 00-4p, the Eleventh Circuit, albeit in an unpublished opinion, held:

> Even assuming that an inconsistency existed between the testimony of the
> vocational expert and the DOT, the ALJ did not err when, without first
> resolving the alleged conflict, he relied on the testimony of the vocational
> expert.  Our precedent establishes that the testimony of a vocational expert
> 'trumps' an inconsistent provision of the DOT in the Circuit.

*Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007) (citing *Jones*, 190

F.3d at 1229-30).  Thus, were the Court to assume there are inconsistencies between the VE's

testimony and the DOT, it does not immediately warrant reversal of the ALJ's decision.

Addressing Plaintiff's argument, this Court finds there is no inconsistency between

the VE's testimony and the DOT.  According to Plaintiff, the VE's testimony is inconsistent

with the DOT because the VE indicated that Plaintiff can perform her past work as a home

_____

a conflict.

Social Security Ruling 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).

8

attendant and child care worker, but the DOT indicates these occupations entail a reasoning level of "3" and "the ALJ clearly limits [Plaintiff] to jobs which entail a reasoning level of '1.'" Pl.'s Brief (Doc. #12) at 8-9. Plaintiff bases her argument on her conclusion that the ALJ's RFC determination is an absolute restriction to jobs with a reasoning level of "1." Essentially, Plaintiff argues that the jobs the VE indicated Plaintiff can perform exceed her abilities. Plaintiff reasons that because "the ALJ's RFC only addresses 'simple, one and two step instructions' and 'detailed or complex instructions'" and the ALJ found Plaintiff "had a marked inability with the latter but no inability with the former," then the ALJ "thereby restrict[ed] [Plaintiff] to 'simple, one and two step instructions.'" Pl.'s Brief (Doc. #12) at 8. However, Plaintiff's reasoning ignores the range of jobs involving more than "simple, one and two step instructions," but that would still require less than "detailed or complex instructions." This Court is not convinced that Plaintiff's reasoning demonstrates the VE's testimony is inconsistent with the DOT.

Moreover, this Court finds that the VE did identify any inconsistencies between Plaintiff's past jobs as she performed them and as they are described in the DOT. At the hearing, the VE classified Plaintiff's past work pursuant to the DOT and noted the following differences:

> The DOT lists that job [of home attendant] as a medium, semi-skilled. . . .she functioned in the light, unskilled range. She has also worked as a poultry worker, which is light, unskilled work both as performed and as listed. She's worked as a packer. She functioned at the sedentary, unskilled range. I could not find a sedentary description of packer in the DOT, but I know there are

9

some out there.  She has also worked as a childcare worker, which is light, unskilled both as performed and as listed.

Tr. 31; Tr. 60.  The ALJ then asked the VE "[d]oes the record including the claimant's testimony indicate that the jobs claimant performed in the past 15 years [were] performed by her as they are generally performed in the national economy and consistent with the DOT?"  Tr. 60-61.  The VE responded, "[t]here's some differences with home attendant.  She didn't provide the whole spectrum of duties there as described in the DOT.  And then the exertional differences for packer is another difference."  Tr. 61.[6]  Because the VE identified instances in which Plaintiff's performance of the job differed from the DOT description and still opined that Plaintiff would be able to perform her past work, the ALJ reasonably relied on his testimony and, in doing so, his determination that Plaintiff could perform her past work was not in conflict with the DOT.[7]

---

[6] The ALJ discussed this part of the VE's testimony in his opinion, indicating "[p]ursuant to SSR 00-4p, the [VE's] testimony is consistent with the information in the [DOT].  He did note some differences in that a Packer typically lifts [or] carries less weight and the claimant did not do the full duties of a home attendant.  She perform[ed] that job at the light exertional level whereas the [DOT] classifies this as a medium job."  Tr. 31.

[7] *See* Social Security Ruling 00-4p, 2000 WL 1898704 (Dec. 4, 2000) ("A VE . . . may be able to provide more specific information about jobs or occupations than the DOT."); 20 C.F.R. § 404.1560(b)(2) (2011) ("A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy."); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony.  Thus, no additional foundation is required.").  Moreover, "an ALJ may rely solely on the VE's testimony" to support his finding.  *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999).

Plaintiff's argument that the ALJ's decision should be reversed is further undercut because the ALJ determined that Plaintiff is not disabled at both Step 4, *see* Tr. 31, *and* Step 5, *see* Tr. 33.  After having already determined that Plaintiff was not disabled at Step 4, the ALJ went a step further in the sequential evaluation process[8] and again determined that Plaintiff is not disabled because there are jobs available in the national economy which she can perform.[9]  Thus, even if this Court were to find that the ALJ erred in finding that Plaintiff could return to her past work, any error committed in Step 4 was cured when he found that Plaintiff is not disabled at Step 5.[10]  Thus, the ALJ's disability determination is legally sound and is not subject to reversal.

---

[8] In his opinion, the ALJ states, "[g]enerally, a finding that the claimant can perform her past relevant work ends the disability analysis, but the undersigned [ALJ] has decided to proceed to the next step." Tr. 31.

[9] In discussing Step 5, the ALJ's opinion noted for the second time that, "[p]ursuant to SSR 00-4p, the [VE's] testimony is consistent with the information contained in the [DOT]." Tr. 33; *see also* Tr. 31.

[10] Moreover, as the Commissioner points out, Plaintiff's counsel was given the opportunity to question the VE and did not raise the issue of any inconsistencies between the VE's testimony and the DOT.  Tr. 66; Def.'s Brief (Doc. 13) at 7.  *See Cammon v. Astrue*, 2009 WL 3245458 (N.D. Ga. Oct. 2, 2009) (the ALJ did not err when she relied on the testimony of the VE where the ALJ had no reason to believe that there was any conflict between the VE testimony and the DOT and counsel did not question the VE about any alleged conflict.); *Bucholtz v. Barnhart*, 98 F. App'x 540, 546 (7th Cir. 2004) ("Although the ALJ has a duty to question a VE about any inconsistencies with the DOT and resolve that conflict before relying on the VE's testimony, . . . counsel has the responsibility for raising the issue if the ALJ does not.").

## VI.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED.  A separate judgment will issue.

Done this 9th day of December, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE